IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On October 16, 2007, the court ordered Plaintiff to file a brief discussing the change in circumstances since the dismissal of a nearly-identical lawsuit in 2006. (Filing No. 6.) After several extensions of time, Plaintiff filed his Brief Addressing Change in Circumstances ("Brief"). (Filing No. 14.) The court has carefully reviewed the record in Case No. 4:04CV3229, specifically the August 21, 2006 Order dismissing the case without prejudice, and Plaintiff's Brief. In the August 21, 2006 Order, Plaintiff was given leave to reopen the case "upon completion of the criminal proceedings in the state courts." (Filing No. 59 in Case No. 4:04CV3229.) In that event, the "judgment of dismissal without prejudice" would be vacated by District Judge Richard Kopf or the "successor presiding judge." (*Id.*) As set forth in that Order, the parties agreed to this procedure. (*Id.* at CM/ECF p. 2.)

    It appears from Plaintiff's Brief that the criminal proceedings are now complete. (Filing No. 14 at CM/ECF p. 3.) However, rather than filing a motion to reopen Plaintiff's previous case and filing an amended complaint in that matter, he elected to file a new Complaint. The claims presented in this matter are sufficiently similar to those presented in Case No. 4:04CV3229. Plaintiff is therefore allowed to proceed on his claims in this matter in accordance with the August 21, 2006 order in Case No. 4:04CV3229, rather than reopen his previous case.

IT IS THEREFORE ORDERED that:

1.	Notwithstanding the judgment of dismissal without prejudice in Case No. 4:04CV3229 (filing no. 59), Plaintiff's claims against Defendants may proceed and service is now warranted.

2.	To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWENTY-NINE (29) summons forms and TWENTY-NINE (29) USM-285 forms (for service on certain Defendants in their individual and official capacities and other Defendants in their official capacity only) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3.	Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4.	Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.	Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this

matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**October 23, 2008**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

July 1, 2008. BY THE COURT:


  s/ Joseph F. Bataillon
Chief United States District Judge