IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This matter is before the court on Plaintiff's Motions for Subpoenas (filing nos. 43, 44, 94, and 95), Motion to Add Defendants (filing no. 55), Objection to Notice of Appearance (filing no. 56), Motion for Assistance From U.S. Marshal (filing no. 99), and Motions to Expedite (filing nos. 45 and 100). Also pending is Defendant Jon Bruning's Motion to Strike. (Filing No. 98.)

**I.    PLAINTIFF'S MOTIONS**

      In his Motions for Subpoenas, Plaintiff requests that several third-party subpoenas be issued so that he can obtain information in order to serve some Defendants. (Filing Nos. 43, 44, 94, and 95.) However, when Plaintiff filed his Motions, he failed to file and serve a Notice of his requests for the issuance of the subpoenas to third parties in accordance with NECivR 45.1(a) ("No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party at least ten (10) business days notice before the subpoena will be issued. The notice shall state the name and address of the nonparty who will be subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will be issued."). The court will liberally construe the Motions as Notices in accordance with NECivR 45.1(a). Therefore, Defendants shall have until January 9, 2009 to object to the

issuance of the subpoenas or to otherwise respond. If no objections are filed, the court will direct the Clerk of the court to issue the requested subpoenas in accordance with Federal Rule of Civil Procedure 45. Plaintiff's Motion to Expedite is denied as moot. (Filing No. 45.)

Plaintiff also seeks extensive assistance from the U.S. Marshals in completing service of process. (Filing No. 99.) Plaintiff apparently believes that, because the U.S. Marshals updated an address for one Defendant, they must use whatever "tools" are necessary to find addresses for the other unserved Defendants. (*Id.*) The court has found no support for this argument and will not order the U.S. Marshals to do Plaintiff's work for him. The Motion, and the related Motion to Expedite (filing no. 100), is denied.

For his Objection to Notice of Appearance, Plaintiff states that it is improper for attorneys in the Nebraska Attorney General's office to represent parties in this action because Attorney General Bruning himself is a party. (Filing No. 56.) The court disagrees and finds that there is nothing in the record indicating that attorneys in the Attorney General's office should be disqualified from representing any Defendant in this matter. The Objection, construed as a Motion, is denied.

Also pending is Plaintiff's Motion to Add Parties, in which Plaintiff seeks to amend his claims to add the former employer of Defendant Riskowski and another individual. (Filing No. 55.) The court will permit Plaintiff to add these parties and Plaintiff shall submit a second amended complaint setting forth the allegations against these two additional parties. However, Plaintiff **shall not** amend his claims in any other way, and the court does not grant leave for any other amendments.

## II.     DEFENDANT BRUNING'S MOTION

In his Motion to Strike, Defendant Bruning seeks to strike a duplicative summons form served on him in his official capacity on November 14, 2008. (Filing No. 98.) However, Defendant Bruning was already served in his official capacity and his Motion to Dismiss is pending. (Filing Nos. 57 and 60.) Bruning seeks to have this second summons stricken so that he is not required to file a second responsive pleading. The court has reviewed the record and agrees that the second summons is duplicative of the first and should be stricken. Defendant Bruning is relieved from his obligation to respond to the November 14, 2008 summons and Amended Complaint.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Motions for Subpoenas (filing nos. 43, 44, 94, and 95) are granted to the extent that the Motions are construed as Notices in accordance with NECivR 45.1(a). Plaintiff's Motion to Expedite (filing no. 45) is denied as moot.

2.     Defendants shall have until January 9, 2009 to object to the issuance of the subpoenas requested in Filing Nos. 43, 44, 94, and 95, or to otherwise respond. If no objections are filed, the court will direct the Clerk of the court to issue the requested subpoenas in accordance with Federal Rule of Civil Procedure 45.

3.     Plaintiff's Motion for Assistance From U.S. Marshal (filing no. 99) and Motion to Expedite (filing no. 100) are denied. Plaintiff's Objection to Notice of Appearance (filing no. 56) is denied.

4.     Plaintiff's Motion to Add Parties (filing no. 55) is granted. Plaintiff is granted leave to add parties William Gallup and Gallup & Schaefer Law Firm and Plaintiff shall submit a second amended complaint setting forth the allegations against

these two additional parties.  However, Plaintiff **shall not** amend his claims in any other way, and the court does not grant leave for any other amendments.

     5.    Defendant Jon Bruning's Motion to Strike (filing no. 98) is granted. Defendant Bruning is relieved from any obligation to respond to the November 14, 2008 summons (filing no. 92).

     6.    The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: January 9, 2009: check for objections to subpoenas and issue if none filed.

December 22, 2008.            BY THE COURT:

                                 s/ Joseph F. Bataillon
                                 Chief United States District Judge