IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the court are 15 separate Motions filed by the parties. For clarity, this Memorandum and Order addresses only the pending Motions relating to Defendants Gregory Schatz ("Schatz"), Mary Likes ("Likes"), Jon Bruning ("Bruning"), and Donald Hamilton ("Hamilton") (together, the "State Defendants"). The court will address the pending Motions relating to other Defendants in subsequent orders.

## I.   BACKGROUND

Plaintiff filed this matter on August 3, 2007. (Filing No. 1.) Plaintiff filed an Amended Complaint on September 5, 2008, which is the operative complaint in this matter. (Filing No. 16.) After several lengthy extensions of time, Plaintiff satisfied the court that this matter should be allowed to proceed to service. (Filing No. 15.) As a result, the Clerk of the court issued summons for the State Defendants on September 12, 2008. (Filing No. 16.) Summons were successfully served on Schatz on October 1, 2008 (filing no. 26), on Likes on January 2, 2009 (filing no. 124), and on Bruning in his official capacity only on October 8, 2008 (filing no. 57). Hamilton has not yet been served. (*See* Filing No. 27.) Schatz, Likes, and Bruning all filed timely Motions to Dismiss, which are pending before the court. (Filing Nos. 41, 60, and 142.) Plaintiff filed a Reply to Schatz' Motion to Dismiss, but did not file a

response or objection to Likes's or Bruning's Motions. (Filing No. 59.) Also pending before the court are Plaintiff's Motion to Dismiss Unserved Parties (filing no. 131) and Motion to Amend Complaint (filing no. 156), both of which relate to the State Defendants.

## II.   SCHATZ' AND LIKES'S MOTIONS TO DISMISS

Schatz and Likes each filed a Motion to Dismiss arguing that Plaintiff's claims against them should be dismissed because they are entitled to absolute judicial immunity. (Filing Nos. 41 and 142.) The court agrees.

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12 (quotation omitted). Absolute judicial immunity applies to monetary damages claims only and does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

As the Supreme Court set forth in *Mireles*, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself,'" and courts "look to the particular act's relation to a general function normally performed by a judge" in determining whether judicial immunity applies. *Mireles*, 502 U.S. at 13. The Eighth Circuit has specifically held that "conducting a trial is a judicial function" for which judges are entitled to absolute immunity. *Hollowell v. Johnson*, 46 F. App'x 388, 388 (8th Cir. 2002) (unpublished). Moreover, conclusory conspiracy allegations are insufficient

to overcome judicial immunity. *Johnson v. Esry*, No. 98-2573, 2000 WL 375269, *1 (8th Cir. 2000) (citing cases and noting that "conspiracy allegations must be pleaded with sufficient specificity and factual support to suggest meeting of minds").

Here, Plaintiff seeks only monetary relief against Schatz and Likes. (Filing No. 16 at CM/ECF p. 19.) Summarized, Plaintiff alleges that Schatz and Likes presided over pre-trial hearings, his criminal trial, and his post-conviction proceedings. (*Id.* at CM/ECF pp. 3, 8, 10, 15-16.) In particular, Plaintiff alleges that "Likes knowingly let the case proceed despite the constitutional violation" and that Schatz and Likes were part of the "overall conspiracy to deprive Plaintiff" of his constitutional rights. (*Id.* at CM/ECF pp. 15-16.) Plaintiff has not alleged any specific facts supporting this conclusory conspiracy allegation.[1] Additionally, in response to Schatz' Motion to Dismiss, Plaintiff argues that Schatz is not entitled to judicial immunity because Schatz was acting in a "ministerial" and not a "judicial" capacity in failing to timely comply with a mandate from the Nebraska Court of Appeals in Plaintiff's case.[2] (Filing No. 59 at CM/ECF pp. 3-4.)

There is no question that all of the actions Plaintiff complains of were taken by Likes and Schatz in their judicial capacities. Likes and Schatz presided over Plaintiff's criminal trial and post-conviction proceedings. These are certainly acts normally taken by judges, as the Eighth Circuit has stated. At best, Plaintiff's alleges that Schatz and Likes made mistakes and failed to do particular judicial functions in a timely manner. Even if such mistakes and inaction were deliberate, these

---

[1]This is true of both the Complaint and Amended Complaint.

[2]These allegations stem from Schatz' alleged failure to rule on Plaintiff's "motion to alter amend," which Schatz did not rule on because he believed that the court lacked jurisdiction to consider that motion. (Filing No. 59 at CM/ECF p. 2.) The Nebraska Court of Appeals eventually issued a mandate to Schatz that he consider and rule on the motion to alter or amend.

allegations do not defeat judicial immunity. In short, all of the actions taken by Likes and Schatz were taken as part of the "general functions" normally performed by judges. Likes and Schatz are therefore entitled to absolute judicial immunity, and Plaintiff's claims against them are denied with prejudice.

### III.   BRUNING'S MOTION TO DISMISS

Bruning seeks dismissal of the claims against him because he is entitled to sovereign immunity. Bruning is correct that the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.,* 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie,* 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan,* 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). As such,

damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff has served Bruning only in his official capacity. (Filing No. 57.) As set forth above, Plaintiff seeks only monetary damages against Bruning. There is no question that Bruning is a state employee acting in his official capacity and Plaintiff's allegations identify him as such. (Filing No. 16 at CM/ECF p. 3.) Bruning is therefore entitled to sovereign immunity as to all of Plaintiff's claims and the claims against him are dismissed without prejudice.

### IV. PLAINTIFF'S PENDING MOTIONS

Also pending before the court are two Motions filed by Plaintiff which relate to the State Defendants. Plaintiff filed a Motion to Dismiss Unserved Parties (filing no. 131) and a Motion to Amend Complaint (filing no. 156).

Of the 27 separate Defendants, Plaintiff has failed to serve four: Hamilton, John Doe, Jane Doe, and Paul Koltz. (Filing Nos. 22, 27, 32, and 40.) This matter has been pending for nearly two years and Plaintiff has sought, and received, several extensions of time to serve Defendants. (*See, e.g.*, Filing Nos. 75, 80, and 84 (text order).) In light of this, Plaintiff's Motion to Dismiss Unserved Parties is granted and these unserved Defendants are dismissed from this matter without prejudice. Because all other parties have been served, Plaintiff's Motion to Extend Time for Service of Process (filing no. 119) is denied as moot.

In his Motion to Amend Complaint, Plaintiff requests leave to amend his allegations against Schatz. (Filing No. 156.) As set forth above, Schatz is entitled to absolute judicial immunity. There is nothing in the proposed amendment which defeats judicial immunity. Rather, the proposed amended allegations against Schatz

support the court's finding that Schatz acted in his judicial capacity in presiding over Plaintiff's state-court matters. Because the proposed amendment would be futile, the Motion to Amend Complaint is denied.

IT IS THEREFORE ORDERED that:

1. Defendant Gregory Schatz' Motion to Dismiss (filing no. 41) and Defendant Mary Likes's Motion to Dismiss (filing no. 142) are granted. The claims against Schatz and Likes are dismissed with prejudice.

2. Defendant Jon Bruning's Motion to Dismiss (filing no. 60) is granted. The claims against Bruning are dismissed without prejudice.

3. Plaintiff's Motion to Dismiss Unserved Parties (filing no. 131) is granted. The claims against Defendants Donald Hamilton, Jane Doe, John Doe, and Paul Koltz are dismissed without prejudice. Plaintiff's Motion to Extend Time for Service of Process (filing no. 119) is denied as moot.

4. Plaintiff's Motion to Amend Complaint (filing no. 156) is denied.

April 10, 2009.                    BY THE COURT:

                                            s/ Joseph F. Bataillon
                                            Chief United States District Judge