IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the court are numerous Motions filed by the parties.  For clarity, this Memorandum and Order addresses only the pending Motions relating to Defendants Douglas County, Leigh Ann Retelsdorf ("Retelsdorf"), and Mike Maloney ("Maloney") (together, the "County Defendants").  The court will address the pending Motions relating to the remaining Defendants in a subsequent order.

## I.   *BACKGROUND*

Plaintiff filed this matter on August 3, 2007.  (Filing No. 1.)  Plaintiff filed an Amended Complaint on September 5, 2008, which is the operative complaint in this matter.  (Filing No. 16.)  After several lengthy extensions of time, Plaintiff satisfied the court that this matter should be allowed to proceed to service.  (Filing No. 15.)  As a result, the Clerk of the court issued summons for the County Defendants on September 12, 2008.  (Filing No. 16.)  Summons were successfully served on the County Defendants on October 1, 2008.  (Filing Nos. 30, 31, and 38.)  The County Defendants filed a timely Motion to Dismiss, which is pending before the court.  (Filing No. 89.)  Plaintiff filed an Objection to the Motion to Dismiss.  (Filing No. 105.)  Also pending before the court are Plaintiff's Motions to Compel Further Answers, both of which relate to the County Defendants.  (Filing Nos. 164 and 165.)

## II.   STANDARD OF REVIEW

In order to withstand a motion to dismiss, a pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or else their complaint must be dismissed for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.   THE COUNTY DEFENDANTS' MOTION TO DISMISS

Douglas County argues that dismissal is appropriate because Plaintiff has failed to allege a municipal policy or custom which led to his injuries.  Retelsdorf and Maloney argue that dismissal of the claims against them is warranted because they are protected by absolute prosecutorial immunity.  The court agrees that dismissal of the claims against all the County Defendants is appropriate.

### A.   Municipal Policy or Custom

As a municipal defendant, Douglas County may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights.  *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish

governmental policy.   *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, the only allegations against Douglas County are that Retelsdorf and Maloney are employed by Douglas County and Douglas County was therefore part of the overall conspiracy to wrongfully convict and imprison Plaintiff.  (Filing No. 16 at CM/ECF pp. 2, 7-10, 15-16.)  Plaintiff does not allege any of the *Jane Doe* factors in either his Complaint or his Amended Complaint and therefore has not "nudged" his claims against Douglas County across the line from conceivable to plausible.  Plaintiff has had the opportunity, and nearly two years, in which to do so.  In response to the Motion to Dismiss, Plaintiff does not request an opportunity to further amend his claim, but instead argues that, given enough time and enough discovery, he may be able to find support for a claim against Douglas County.  (Filing No. 105.)  The court cannot permit an open-ended "fishing expedition" in the hopes that Plaintiff may be able to support his claims against Douglas County at some point in the future.  *See Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1032 (8th Cir. 1996)

("But here, plaintiffs never requested an opportunity to amend.  Rather, they requested an opportunity to take numerous depositions, confirming that their defamation allegations were made without supporting facts in the hope that they would be permitted to embark upon a classic fishing expedition.  The district court properly cut short that abuse of the liberal federal pleading rules by granting Rule 12(b)(6) dismissals.").  Because Plaintiff has not sufficiently alleged a claim against Douglas County, it will be dismissed from this matter.  However, the court will dismiss the claims against Douglas County without prejudice.

## B.    Prosecutorial Immunity

Prosecutors such as Retelsdorf and Maloney "are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted).  Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.*  "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996).  However, where a prosecutor's actions are investigatory or administrative, that individual is entitled only to qualified immunity. *Id.*  The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [her] role as advocate for the state." *Id.* at 1267.  The official seeking the protection of absolute prosecutorial immunity "'bears the burden of showing that such immunity is justified for the function in question.'" *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Summarized, Plaintiff alleges that Retelsdorf maliciously charged and prosecuted him with several felony and misdemeanor crimes.  (Filing No. 16 at

CM/ECF pp. 7-11.)   During the course of Plaintiff's criminal trial, Retelsdorf knowingly "tendered false testimony" from several witnesses, concealed medical records of the alleged victim, "used her prosecutorial powers to prevent" certain witnesses from testifying, and was generally part of the "conspiracy" that led to Plaintiff's wrongful conviction.   (*Id.*)   Further, Plaintiff alleges that Maloney, as Special Prosecutor during post-conviction proceedings, "continued to maliciously prosecute" Plaintiff.   (*Id.* at CM/ECF p. 10.)   In particular, Maloney tendered "false testimony," ignored "exculpatory evidence establishing" Plaintiff's innocence, and ignored the victim's medical records.   (*Id.*)

The court has carefully reviewed the Amended Complaint.   All of the allegations against Retelsdorf and Maloney relate to their involvement in Plaintiff's trial and post-conviction proceedings.   Nothing Plaintiff alleges against Retelsdorf or Maloney could be considered investigative or administrative.   Indeed, even if all of Plaintiff's allegations are true and Retelsdorf and Maloney intentionally and maliciously prosecuted Plaintiff and engaged in mistakes during Plaintiff's state-court proceedings, such actions do not defeat prosecutorial immunity. *Schenk*, 461 F.3d at 1046 ("[A]ctions connected with initiation of prosecution, even if those actions are patently improper are immunized."); *Brodnicki*, 75 F.3d at 1268 ("[A prosecutor] does not have to defend alleged prosecutorial mistakes if those mistakes occurred in the performance of a function recognized as inherent in his role as advocate for the state.").   All of the actions taken by Retelsdorf and Maloney were taken in their roles as advocates for the state and they are therefore entitled to absolute prosecutorial immunity.   Plaintiff's claims against Retelsdorf and Maloney are therefore dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1.      Defendants Douglas County, Leigh Ann Retelsdorf, and Mike Maloney's Motion to Dismiss (filing no. 89) is granted.   The claims against Douglas County are

-5-

dismissed without prejudice.   The claims against Retelsdorf and Maloney are dismissed with prejudice.

2.     Plaintiff's Objection to Motion to Dismiss (filing no. 105) is denied.

3.     Plaintiff's Motions to Compel Further Answers (filing nos. 164 and 165) are denied as moot.

April 15, 2009.                          BY THE COURT:


                                          s/ Joseph F. Bataillon
                                         Chief United States District Judge