IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the court is a Motion to Bifurcate and Stay, filed by Defendant City of Omaha and other individual Defendants.[1] (Filing No. 145.) Also pending are several other motions and objections relating to the Omaha Defendants.

## I.   MOTION TO BIFURCATE AND STAY

The Omaha Defendants argue that bifurcation and stay are appropriate because "[d]iscovery and trial" on Plaintiff's claims against the City of Omaha and two Supervisors, Defendants Skinner and Carey, "will, without question, be time-consuming, costly, and complex." (Filing No. 147 at CM/ECF p. 6.) The Omaha Defendants also argue that bifurcation is warranted because the City of Omaha, Skinner, and Carey cannot be held liable "unless and until [Plaintiff] is able to establish liability of a city employee." (*Id.* at CM/ECF p. 4.) Plaintiff objects to bifurcation, arguing that he will suffer prejudice if his claims are bifurcated. (Filing No. 155.)

---

[1] The Motion to Bifurcate and Stay was filed by Defendants City of Omaha, Randy Anderson, Donald Carey, Jason Christensen, Kevin Housh, Michael Scott, James Skinner, and Donald Truckenbrod. For purposes of this Memorandum and Order, these Defendants are referred to collectively as the "Omaha Defendants."

Federal Rule of Civil Procedure 42 states:

For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). "District courts possess broad discretion to bifurcate issues for purposes of trial under Fed. R. Civ. P. 42(b)." *O'Dell v. Hercules*, 904 F.2d 1194, 1201-02 (8th Cir. 1990). When determining whether bifurcation is appropriate, "district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Id.* at 1202.

The court has carefully reviewed the record in this matter and finds that bifurcation is not appropriate here. Plaintiff's claims against the City of Omaha, Skinner, and Carey are not easily separable. Further, the likelihood of confusion, prejudice, and inconsistent results is very high, due in part to Plaintiff's *pro se* status. The court does not believe that bifurcation of Plaintiff's claims will result in any added convenience, and judicial economy will not be served through bifurcation. In light of this, the Omaha Defendants' Motion to Bifurcate and Stay is denied.

## II.   OTHER PENDING MOTIONS

Also pending is the Omaha Defendants' Objection to Plaintiff's Request for Subpoenas. (Filing No. 130.) Plaintiff sought subpoenas to assist him in serving certain Defendants. However, Plaintiff later voluntarily dismissed those Defendants. (Filing Nos. 131 and 167.) The Objection is therefore moot and is denied.

The Omaha Defendants also seek additional time to respond to Plaintiff's interrogatories. (Filing No. 139.) The Omaha Defendants responded to the

interrogatories on February 27, 2009. (Filing No. 158.) For good cause shown, the court will grant the Motion to Extend.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Bifurcate and Stay (filing no. 145) is denied. Plaintiff's Objection to Motion to Bifurcate and Stay (filing no. 155) is granted.

2. Defendant's Objection to Plaintiff's Request for Subpoenas (filing no. 130) is denied as moot. No subpoenas shall be issued by the Clerk of the court at this time.

3. Defendant's Motion to Extend Time to Respond (filing no. 139) is granted. Plaintiff's Objection to Motion to Extend (filing no. 144) is denied.

4. A separate progression order will be entered progressing this matter to final disposition.

May 1, 2009.                              BY THE COURT:

                                                  s/ Joseph F. Bataillon
                                                  Chief United States District Judge