IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court are 24 separate Motions filed by the parties. For clarity, this Memorandum and Order separates these Motions into three categories: Motions to Dismiss, Motions Related to Discovery and Miscellaneous Motions. The court will address the Motions within these three categories in turn.

## I. BACKGROUND

Plaintiff filed his original Complaint on August 3, 2007. (Filing No. 1.) After several lengthy extensions of time, Plaintiff filed an Amended Complaint and the court permitted this matter to proceed to service. (Filing Nos. 15, 16 and 17.) In his Amended Complaint, Plaintiff named 27 Defendants: the City of Omaha, Nebraska ("Omaha"), Douglas County, Nebraska ("Douglas County"), and 25 individuals. (Filing No. 16.)

Since service of process, the court has reviewed numerous motions filed by the parties and dismissed 10 of the 27 Defendants. (Filing Nos. 110, 167 and 169.) Now pending before the court are 24 new Motions. For clarity, the court has separated these Motions into three categories; Motions to Dismiss, Motions Related to Discovery and Miscellaneous Motions.

## II. MOTIONS TO DISMISS

Of the 24 pending Motions, four are Motions to Dismiss and four relate to those Motions to Dismiss. (Filing Nos. 170, 172, 174, 179, 195, 209, 232 and 247.) The court will examine these motions in turn.

### A.   Standard of Review

In order to withstand a motion to dismiss, a pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," otherwise "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### B.   Defendant Patty Dory's Motion to Dismiss

On April 20, 2009, Defendant Patty Dory ("Dory") filed a Motion to Dismiss. (Filing No. 170.) Plaintiff has filed a Brief in Opposition to Dory's Motion. (Filing No. 181.)

In Dory's Motion, she argues that Plaintiff's federal claims against her should be dismissed under the doctrine of *res judicata* because the court previously dismissed the same claims against her in Case No. 4:04CV3229. (Filing No. 170 at CM/ECF p. 2.) In contrast, Plaintiff argues that his claims against Dory are not barred by the doctrine of *res judicata* because the court's decision in Case No. 4:04CV3229 was not a final judgment. (Filing No. 181.) Although the court agrees with Plaintiff that his claims are not barred by the doctrine of *res judicata*, they are nonetheless dismissed for the reasons discussed below.

"The doctrine of *res judicata* or claim preclusion bars relitigation of a § 1983 claim if the prior judgment was a final judgment on the merits rendered by a court of competent jurisdiction, and if the same cause of action and the same parties or their privies were involved in both cases." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir. 1989)).

In Plaintiff's Amended Complaint, he alleges that Dory "participated in a conspiracy to try, convict and sentence [him]." (Filing No. 16 at CM/ECF p. 5.) Specifically, Plaintiff alleges that Dory falsely reported that Plaintiff assaulted her. (*Id*. at CM/ECF p. 6.) The court previously addressed these same claims in Case No. 4:04CV3229. There, the court dismissed Plaintiff's federal claims against Dory with prejudice because "a witness, victim or informant does not act 'under color of state law' in reporting an alleged crime to the police." (Case No. 4:04CV3229, Filing No. 42 at CM/ECF p. 3.) However, because of uncertainty about the issues in that case, the court, in a subsequent order, entered judgment without prejudice to Plaintiff's right to reopen the case. (Case No. 4:04CV3229, Filing No. 59 at CM/ECF p. 3.) Consequently, the court's dismissal of Plaintiff's claims against Dory in Case No. 4:04CV3229 was not a final judgment on the merits and *res judicata* does not apply.

Nonetheless, because Plaintiff's claims against Dory have not changed, the court's reasoning in Case No. 4:04CV3229 still applies. (*See* Case No. 4:04CV3229, Filing No. 42 at CM/ECF pp. 3-4.) Thus, the court adopts its reasoning from Case

No. 4:04CV3229; Plaintiff's federal claims against Dory are dismissed with prejudice and Plaintiff's state-law claims against Dory are dismissed without prejudice. (Case No. 4:04CV3229, Filing No. 42 at CM/ECF p. 7.) Dory's Motion to Dismiss is granted.

### C.  Defendant William F. Eustice's Motion to Dismiss & Marc Delman's Motion to Dismiss

On April 21, 2009, William F. Eustice ("Eustice") filed a Motion to Dismiss along with evidence in support. (Filing No. 172.) On August 5, 2009, Defendant Marc Delman ("Delman") also filed a Motion to Dismiss. (Filing No. 232.) In these Motions, Eustice and Delman argue that Plaintiff's claims against them should be dismissed under the doctrine of *res judicata* because the court previously dismissed the same claims against them in Case No. 4:01CV3136. (Filing No. 172 at CM/ECF p. 1; Filing No. 232 at CM/ECF p. 3.) The court agrees with Eustice and Delman.

As discussed above, the doctrine of *res judicata* bars relitigation of a section 1983 "claim if the prior judgment was a final judgment on the merits rendered by a court of competent jurisdiction, and if the same cause of action and the same parties or their privies were involved in both cases." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir. 1989)). "To establish that a claim is barred by res judicata a party must show: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)).

In Case No. 4:01CV3136, Plaintiff alleged that Eustice and Delman participated in a conspiracy to wrongfully convict him. (Case No. 4:01CV3136, Filing No. 71 at CM/ECF pp. 6-9.) On September 18, 2003, the court dismissed Plaintiff's complaint, with prejudice, for failure to state a claim upon which relief

-4-

could be granted and entered judgment. (Case No. 4:01CV3136, Filing No. 72.) The Eighth Circuit affirmed this dismissal on August 18, 2004. (Filing No. 172-11, Attach. 10 at CM/ECF p. 1.)

In this suit, Plaintiff alleges the same conspiracy claims against Eustice and Delman that the court dismissed, and entered final judgment on, in Case No. 4:01CV3136. (Filing No. 16 at CM/ECF pp. 13-15, 17-18; *cf.* Case No. 4:01CV3136, Filing No. 71 at CM/ECF pp. 6-9.)  "[I]t is well-established that a Rule 12(b)(6) dismissal is a 'judgment on the merits' for res judicata purposes unless the plaintiff is granted leave to amend or the dismissal is reversed on appeal." *United States v. Maull*, 855 F.2d 514, 517 n.3 (8th Cir. 1988) (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). Accordingly, Plaintiff's federal claims against Eustice and Delman are barred under *res judicata*. Eustice and Delman's Motions to Dismiss (filing nos. 172 and 232) are granted. Plaintiff's Motion for Default against Eustice (filing no. 179) and Motion for Extension of Time to respond to Delman's Motion to Dismiss (filing no. 247) are denied as moot.

### D.   Defendant Patrick Riskowski's Motion to Dismiss and Related Motions

On April 27, 2009, Defendant Patrick Riskowski ("Riskowski") filed a Motion to Dismiss. (Filing No. 174.) Plaintiff failed to respond until May 26, 2009, when he filed a Motion to Extend Time to File a Response to Riskowski's Motion and an Affidavit in Support. (Filing Nos. 195 and 196.) On June 3, 2009, Plaintiff filed an Objection to Riskowski's Motion. (Filing No. 209.)

In Plaintiff's Motion to Extend Time (filing no. 195), he argues that he did not receive Riskowski's Motion until May 19, 2009, one day before his response was due. (*Id*. at CM/ECF p. 2.) He requests 10 additional days to respond. (*Id*.) For good cause shown, Plaintiff's Motion for Extension of Time is granted and Plaintiff's Objection to Riskowski's Motion is deemed timely filed. The court now examines Riskowski's Motion to Dismiss and Plaintiff's Objection.

In Riskowski's Motion, he argues that Plaintiff's conspiracy claims against him should be dismissed because Plaintiff's conclusory allegations fail to state a claim upon which relief could be granted.[1] (Filing No. 174 at CM/ECF p. 2.) In contrast, Plaintiff argues that he has properly alleged a conspiracy claim against Riskowski. Specifically, Plaintiff argues that his Amended Complaint alleges that Riskowski, a private attorney, acted in concert with state actors and intentionally provided ineffective assistance of counsel during Plaintiff's appeal in an effort to deprive Plaintiff of his constitutional rights. (Filing No. 209 at CM/ECF pp. 1, 3-4; Filing No. 16 at CM/ECF pp. 3, 16.)

To establish a conspiracy claim Plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). "Although § 1983 can only be used to remedy deprivation of rights done under the color of law, a private actor can be liable "under § 1983 for conspiring with state officials to violate a private citizen's right[s] . . . .'" *White v. McKinley*, 519 F.3d 806, 815-16 (8th Cir. 2005) (quoting *Dossett v. First State Bank*, 399 F.3d 940, 950 (8th Cir. 2005)); *see also Tower v. Glover*, 467 U.S. 914, 920 (1984) (concluding that private attorneys are not immune from suit when they conspire with state officials to deprive their client of constitutional rights). However, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary state action by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citations and quotations omitted).

---

[1] Riskowski also argues that the doctrine of *res judicata* bars Plaintiff's claims against him because the Nebraska District Court dismissed the same claims, with prejudice, in "Blair v. Delman, et al, Doc. 1033 No. 895." (Filing No. 174 at CM/ECF p. 2.) However, Riskowski failed to provide the court with the Nebraska District Court's order or some other proof that the same claims were previously dismissed.

Here, Plaintiff makes specific allegations about Riskowski's ineffectiveness during his state court proceedings.[2] However, he fails to allege facts sufficient to establish that there was an agreement or a meeting of the minds between Riskowski and a "state actor." *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230-31 (10th Cir. 1990) (dismissing conspiracy claim because plaintiff offered no evidence of communication between alleged co-conspirators). In short, Plaintiff's conclusory recitation of the words "in concert with" and "conspiracy," without more, does not establish a conspiracy claim against Riskowski. *See e.g.*, *Johnson v. Kafrissen*, No. CIV. 95-855, 1995 WL 355289, at *2 (E.D.Pa. June 5, 1995) ("While the pleading standard under [Federal Rule of Civil Procedure] 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements."). These allegations simply do not allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqubal,* 129 S.Ct. 1937, 1939 (2009). Accordingly, Plaintiff's federal claims against Riskowski are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's state-law claims against Riskowski are also dismissed without prejudice. Riskowski's Motion to Dismiss is granted. Plaintiff's Objection to Riskowski's Motion is denied.

### III.  MOTIONS RELATED TO DISCOVERY

Of the remaining pending Motions, 10 relate to discovery. (Filing Nos. 177, 205, 220, 225, 226, 230, 239, 243, 245 and 248.) The court will introduce these discovery motions with a brief background and then address them separately.

---

[2]Plaintiff alleges Riskowski "intentionally failed to address ineffective assistance of counsel on direct appeal; failed to subpoena the 911 call information during the motion for new trial; failed to obtain the victim's medical records; tried to procedurally bar the plaintiff in raising ineffective assistance of counsel claims during postconviction proceedings instead of on direct appeal . . . ." (Filing No. 209 at CM/ECF p. 4.)

### A. Discovery Background

On April 27, 2009, the court issued an Order setting the schedule for the progression of this case. (Filing No. 175.) This Order required the parties serve interrogatories and requests for admission by May 27, 2009, and complete all discovery depositions by July 6, 2009. (*Id.*) Shortly after the court entered this order, Plaintiff filed an Objection to the Progression Order deadlines along with an Affidavit in Support. (Filing Nos. 177 and 178.) Plaintiff later filed two Motions for Enlargement of Time related to the Progression Order deadlines (filing nos. 220 and 245), and an Amended Motion to Extend the Progression Order deadlines (filing no. 243).

While Plaintiff was filing the aforementioned Motions he was also sending out discovery requests. Several Motions have been filed in response to these requests. Donald W. Kleine, a nonparty, filed an Objection to Plaintiff's Intent to Subpoena him. (Filing No. 205.) Judge Leigh Ann Retelsdorf, another nonparty, filed an Motion to Quash and a Protection Order in Response to Plaintiff's hand-delivered subpoena commanding her to give testimony on July 16, 2009. (Filing No. 225.) Mark Conrey and Edward Schmidt, nonparties to this action, filed an unopposed Motion to Continue Depositions. (Filing No. 226.) In addition, Defendants Patricia Osier, Jeffrey Morgan, Lawrence Reynard, Morgan Larson, James Skinner, Donald Carey, City of Omaha, Randy Anderson, Kevin Housh, Donald Truckenbrod, Michael Scott, and Jason Christensen (collectively "City Defendants") filed a comprehensive Motion for Summary Judgment and a Motion for Protection Order with corresponding Briefs in Support. (Filing Nos. 235, 237, 239 and 240.)

Plaintiff responded to these filings with an Objection to Judge Retelsdorf's Motion (filing no. 230), and a Request for Hearing (filing no. 248).

### B. City Defendants' Motion For Protective Order

As discussed above, the City Defendants have filed a comprehensive Motion for Summary Judgment and a Motion for Protective Order with corresponding Briefs in Support. (Filing Nos. 235, 237, 239 and 240.) In their Motion for Protective Order Brief, the City Defendants argue that they are entitled to protection from further discovery because they are entitled to qualified immunity. (Filing No. 240 at CM/ECF pp. 4-5 .) For the reasons discussed below, the court will grant the City Defendants' protection order request in part.

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). However, the court may issue a protective order to prevent discovery where "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c).

Here, the City Defendants argue that further discovery should not be permitted because (1) the court's Progression Order discovery deadlines have expired, (2) they have filed a comprehensive Motion for Summary Judgment, and (3) they are entitled to qualified immunity. (Filing No. 240 at CM/ECF p. 4-5 .) This argument has merit. "Qualified immunity is not just a defense to liability, it constitutes immunity from suit." *See Hanig v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Because the City Defendants have raised the defense of qualified immunity and the discovery deadlines in this matter expired nearly three months ago, permitting Plaintiff to continue *unlimited* discovery would unduly burden the City Defendants. Accordingly, the court will grant the City Defendants' Motion for Protective Order

in part. Any further discovery in this matter shall be limited to the issue of qualified immunity only.

### C. Plaintiff's Motions for Extension of Progression Order Deadlines

In his first Objection to the court's Progression Order, Plaintiff argues that the numerous extensions of time in this matter confused him and the Progression Order deadlines "prejudice" him because he works "60 hours a per week." (Filing No. 177 at CM/ECF pp. 3-4.) He asks the court to extend the Progression Order deadlines because, as a pro se litigant, he needs more time to respond. (*Id*. at CM/ECF pp. 3-4.) Plaintiff reiterates this request, and his frustrations with the court's Progression Order deadlines, in his Amended Motion to Extend the Progression Order deadlines and his two Motions for Enlargement of Time. (Filing Nos. 220, 243 and 245.)

Although Plaintiff is a pro se litigant, he is not excused him from complying with the court's orders. *Farnsworth v. Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam); *see also Doe v. Cassel*, 403 F.3d 986, 988-90 (8th Cir. 2005) (per curiam) (concluding that the district court's dismissal for undue delay and failure to comply with court orders was not abuse of discretion when litigation had been pending for 18 months and petitioner repeatedly failed to meet court's discovery schedule). Moreover, Plaintiff's numerous requests for extensions of time in this matter (*see* filing nos. 7, 10, 75, 80, 119, 220, 229, 245 and 247) are beginning to unduly hinder the progression of this case, as it has been pending for over two years.

Despite these findings, Plaintiff immediately filed an Objection to the Court's Progression Order. (*See* Filing No. 177 (filed seven days after the court's Progression Order).) Accordingly, the court will grant Plaintiff's requests to extend the Progression Order deadlines. However, this extension will be limited by the Protection Order discussed above, and **no further extensions of the Progression Order will be granted**.

Pursuant to the Protection Order discussed above, any further discovery shall be limited to the issue of qualified immunity only. Thus, the parties shall have until November 25, 2009, to complete discovery on the issue of qualified immunity only. Discovery on issues unrelated to the issue of qualified immunity is prohibited. After discovery is completed, Plaintiff shall have until December 15, 2009, to respond the City Defendants' Motion for Summary Judgment. The court reminds Plaintiff that failure to comply with this Memorandum and Order may result in the dismissal of his case without further notice.

### D.  Judge Leigh Ann Retelsdorf's Motion to Quash Subpoena and for Protective Order

On July 15, 2009, Judge Retelsdorf filed a Motion to Quash and for Protection Order in Response to Plaintiff's hand-delivered subpoena commanding her to give testimony on July 16, 2009. (Filing No. 225.) In this Motion, Judge Retelsdorf asks the court to quash Plaintiff's subpoena and issue an order protecting her from further involvement in this case. (*Id*. at CM/ECF p. 225.)

Under Federal Rule of Civil Procedure 45(c), the court *must* quash or modify a subpoena if it fails to allow a reasonable time to comply, subjects a person to undue burden, or requires disclosure of a privileged or protected matter. *See* Fed. R. Civ. P. 45(c)(3)(A) (emphasis added). Here, Plaintiff's subpoena commands Judge Retelsdorf to produce:

> The entire case file in State v. Blair, Doc 142 Pg. 353 in the District Court of Douglas County, Nebraska and any and all information, documents, records, pictures, memos pertaining to the arrest, conviction, sentence, and dismissal of said case against Steven R. Blair.

(Filing No. 219 at CM/ECF p. 2.) Because Judge Retelsdorf was a prosecutor in "State v. Blair," much of the information Plaintiff requests is privileged or protected. (Filing No. 225 at CM/ECF p. 3.) In addition, the subpoena did not provide Judge Retelsdorf with a reasonable time to comply, as it was delivered only two days before the July 16, 2009, deposition date. (*Id.*; Filing No. 230 at CM/ECF p. 1.) Because Plaintiff's subpoena requires disclosure of a privileged materials and failed provide Judge Retelsdorf a reasonable time to comply, it must be quashed.

Further, the court cannot see how the information that Plaintiff requests from Judge Retelsdorf relates to the issue of qualified immunity. Because discovery in this matter is limited to qualified immunity only, Judge Retelsdorf's request for a protective order is moot. Judge Retelsdorf's Motion to Quash and for Protection Order is therefore granted in part and denied in part. Plaintiff's Objection to Judge Retelsdorf's Motion is denied.

### E. Donald W. Kleine's Objection to Notice of Intent to Serve Subpoena

On May 26, 2009, Plaintiff filed a Notice of Intent to Serve Subpoena upon Donald Kleine, a nonparty. (Filing No. 192.) In this Notice, Plaintiff states that he intends to subpoena Kleine "on or about June 8, 2009." On May 29, 2009, Kleine filed an Objection to Plaintiff's Intent to subpoena him. (Filing No. 205.)

Almost four months have passed since June 8, 2009, yet Plaintiff has not served Kleine with a subpoena. Therefore, Kleine's Objection to Plaintiff's Intent to Subpoena him is denied without prejudice to reassertion.

### F. Remaining Motions Related to Discovery

On July, 15, 2009, 911 Communication Center employees Mark Conrey and Edward Schmidt, nonparties to this action, filed an Unopposed Motion to Continue

Depositions. (Filing No. 226.) In this Motion, Conrey and Schmidt state that Plaintiff mutually agreed to continue their depositions scheduled for July 16, 2009. (*Id*. at CM/ECF pp. 1-2.) Conrey and Schmidt's Motion is granted.

On September 2, 2009, Plaintiff filed a Request for Hearing regarding the discovery issues discussed above. (Filing No. 248.) Because the court has limited discovery to the issue of qualified immunity, the court finds that a hearing is unnecessary at this time. Plaintiff's Request for a Hearing is therefore denied.

### IV.   MISCELLANEOUS MOTIONS

#### A.   Plaintiff's Motion to Alter or Amend

On April 20, 2009, Plaintiff filed a Motion to Alter or Amend. (Filing No. 171.) The court construes this as a Motion to Reconsider. In his Motion, Plaintiff seeks reconsideration of the court's April 10, 2009 Memorandum and Order, which dismissed Plaintiff's claims against Gregory Schatz on absolute judicial immunity grounds. (Filing No. 167.) The court has carefully reviewed the record and finds no good cause to reconsider its previous Memorandum and Order.

#### B.   Plaintiff's Motion to Add Parties

On May 15, 2009, Plaintiff filed a Motion to Add Parties. (Filing No. 183.) In this Motion, Plaintiff asks for leave to add Douglas County Attorneys James Jensen, Stuart Dornan and Donald Kleine as defendants in this matter. The court liberally construes this Motion as a Motion to Amend. Jensen, Dornan and Kleine responded to Plaintiff's Motion to Amend with a Motion to Strike and a Brief in Opposition. (Filing Nos. 212 and 213.) Plaintiff has Objected to the Motion to Strike. (Filing No. 217.)

Federal Rule of Civil Procedure 15(a) provides that the court "should freely give leave [to amend] when justice so requires." However, the Eighth Circuit has held that it is not an abuse of discretion to deny a motion to amend when late tendered amendments involve new theories of recovery or impose additional discovery requirements. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995); *see also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 74 (5th Cir. 1980) (affirming denial of leave to amend, although bad faith and dilatory motive were not found, where "amendment sought to add several new parties" and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters . . . which could not have been raised initially").

This matter has been pending for more than two years and Plaintiff has already been permitted to amend his Complaint. (Filing Nos. 16 and 110.) There does not appear to be any matter "which could not have been raised initially" and there is no good cause to allow another amendment at this time. In light of these findings, Plaintiff's Motion to Amend is denied. Under these circumstances, there is no need to strike Plaintiff's Motion to Amend. Therefore, Jensen, Dornan and Kleine's Motion to Strike is denied. Plaintiff's Objection to the Motion to Strike is denied as moot.

### C.   Plaintiff's Motion to Take Judicial Notice

On May 26, 2009, Plaintiff also filed a Motion for the court to Take Judicial Notice of state court records from his criminal proceeding. (Filing No. 194.) The court may take judicial notice of state court records. *See* Federal Rule of Evidence 201. However, the state court records that Plaintiff asks the court to take judicial notice of have not been filed with this court. Therefore, Plaintiff's Motion to Take Judicial Notice is denied without prejudice to reassertion after the filing of the state court records.

The only remaining pending motion is the City Defendants' Motion for Summary Judgment. As discussed above, Plaintiff shall have until December 15, 2009, to respond to this Motion. The court also notes that Defendant Lori Anzaldo filed an Answer to Plaintiff's Amended Complaint, but has not filed anything else. (Filing No. 93.) Pursuant to the extended Progression Order deadlines, Anzaldo shall have until December 15, 2009, to file a dispositive motion if she so chooses.

IT IS THEREFORE ORDERED that:

1.  Defendant Dory's Motion to Dismiss (filing no. 170) is granted. Plaintiff's federal claims against Dory are dismissed with prejudice and Plaintiff's state-law claims against Dory are dismissed without prejudice.

2.  Defendant Eustice's Motion to Dismiss (filing no. 172) and Defendant Delman's Motion to Dismiss (filing no. 232) are granted. Plaintiff's federal claims against Eustice and Delman are barred under res judicata.

3.  Plaintiff's Motion for Default against Eustice (filing no. 179) and Motion for Extension of Time to respond to Delman's Motion to Dismiss (filing no. 247) are denied as moot.

4.  Plaintiff's Motion for Extension of Time to respond to Defendant Riskowski's Motion to Dismiss (filing no. 195) is granted and Plaintiff's Objection to Riskowski's Motion (filing no. 209) is deemed timely filed.

5.  Defendant Riskowski's Motion to Dismiss (filing no. 174) is granted. Plaintiff's federal claims against Riskowski are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's state-law claims against Riskowski are also dismissed without prejudice.

6.      Plaintiff's Objection to Riskowski's Motion to Dismiss (filing no. 209) is denied.

7.      The City Defendants' Motion for Protective Order (filing no. 239) is granted in part.  Any further discovery in this matter shall be limited to the issue of qualified immunity only.

8.      Plaintiff's requests to extend the Progression Order deadlines (filing nos. 177, 220, 245 and 243) are granted.   However, this extension will be limited by the City Defendants' Protection Order, and **no further extensions of the Progression Order will be granted**.

9.      The parties shall have until **November 25, 2009**, to complete discovery on the issue of qualified immunity only.  Discovery on issues unrelated to the issue of qualified immunity is prohibited.

10.     After discovery is completed, Plaintiff shall have until **December 15, 2009**, to respond the City Defendant's Motion for Summary Judgment.  The court reminds Plaintiff that failure to comply with this Memorandum and Order may result the dismissal of his case without further notice.

11.     Motions to compel discovery shall be filed on or before **November 25, 2009.**  The parties must comply with the provisions of NECivR 7.1(i) before filing a motion to compel.

12.     All dispositive motions shall be filed on or before **December 15, 2009.** The parties must comply with the provisions of NECivR 7.1(a-h) and NECivR 56.1 when filing summary judgment motions.

13. Pretrial Conference.

   a. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **December 28, 2009.** The plaintiff shall provide additions and/or proposed deletions to Defense counsel by **January 11, 2010.** Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **January 25, 2010.** If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

   b. The Final Pretrial Conference will be held before the Supervising Pro Se Judge on **February 3, 2010, at 1:00 p.m.** Prior to the pretrial conference, all items as directed in NECivR 16.2 and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

   c. If a plaintiff is held in an institution, the pretrial conference will be by telephone. In that case, Defense counsel shall contact the plaintiff's institution in advance and arrange to initiate and place the conference call.

14. The trial date will be set by the Supervising Pro Se Judge at the time of the Final Pretrial Conference.

15. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Pretrial conference before Supervising Pro Se Judge Kopf to be held on **February 3, 2010**.

16. Judge Retelsdorf's Motion to Quash and for Protection Order (filing no. 225) is granted in part and denied in part.

17. Plaintiff's subpoena upon Judge Retelsdorf is quashed.

18. Plaintiff's Objection to Judge Retelsdorf's Motion (filing no. 230) is denied.

19. Kleine's Objection to Plaintiff's Intent to Subpoena (filing no. 205) is denied without prejudice to reassertion.

20. Conrey and Schmidt's Unopposed Motion to Continue Depositions (filing no. 226) is granted.

21. Plaintiff's Request for Hearing (filing no. 248) and Motion to Reconsider (filing no. 171) are denied.

22. Plaintiff's Motion to Amend (filing no. 183) is denied.

23. Jensen, Dornan and Kleine's Motion to Strike (filing no. 212) is denied. Plaintiff's Objection to Jensen, Dornan and Kleine's Motion to Strike (filing no. 217) is denied as moot.

24.     Plaintiff's Motion to Take Judicial Notice (filing no. 194) is denied without prejudice to reassertion.

October 26, 2009.                           BY THE COURT:

                                             s/ Joseph F. Bataillon
                                            Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.