IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Compel. (Filing No. 254.) Plaintiff has filed an Objection to Defendants' Motion to Compel. (Filing No. 256.) Also pending is Plaintiff's Motion for an Enlargement of Time. (Filing No. 257.)

### *Defendants' Motion to Compel*

On November 25, 2009, Defendants filed a Motion to Compel. (Filing No. 254.) In this Motion, Defendants request a court order compelling Plaintiff to make appropriate amended responses to several of Defendants' original discovery requests. (Filing No. 254.) Defendants state that their counsel wrote Plaintiff on September 10, 2009, asking him for appropriate discovery responses. (*Id.* at CM/ECF p. 1; Filing No. 255-4, Attach. 3.) However, Plaintiff failed to respond and the parties have been unable to reach an agreement. (*Id.*)

In contrast, Plaintiff argues that Defendants' Motion to Compel is an attempt to disrupt Plaintiff's preparation of his response to Defendants' Motion for Summary Judgment. (Filing No. 256.) He also argues that his answers to Defendants' discovery requests will be included in his response to Defendants' Motion for Summary Judgment. (*Id.* at CM/ECF p. 1.) Plaintiff filed this response on December 15, 2009. (Filing Nos. 258 and 260.)

The court has carefully reviewed the record. On October 26, 2009, the court granted the parties until November 25, 2009, to complete discovery on the issue of qualified immunity only. (Filing No. 249 at CM/ECF p. 16.) Defendants' Motion to Compel relates to discovery conducted before this limitation. Further, Defendants' Motion and corresponding index of Evidence do not indicate that Defendants' counsel used the court's grant of additional time to contact Plaintiff regarding discovery matters. In fact, defense counsel's last attempt to contact Plaintiff appears to have occurred on September 10, 2009. (Filing No. 255-4, Attach. 3.) In light of this, Defendants' Motion to Compel is denied without prejudice to reassertion after the resolution of Defendants' Motion for Summary Judgment relating to qualified immunity. Plaintiff's Objection is denied as moot.

### *Plaintiff's Motion for Enlargement of Time*

Also pending before the court is Plaintiff's Motion for an Enlargement of Time to respond to Defendants' Motion for Summary Judgment. (Filing No. 257.) In this Motion, Plaintiff asks the court to extend its December 15, 2009, response deadline to December 18, 2009. (*Id.*) Plaintiff filed this Motion as a "cautionary measure" because he was unsure if he could meet the court's deadline. (Filing No. 257 at CM/ECF pp. 3-4.) However, it appears that Plaintiff did meet the court's deadline. Along with his Motion, Plaintiff filed a Brief in Opposition to Defendants' Motion for Summary Judgment (filing no. 258) and an Index of Evidence in Support (filing No. 259). To the extent Plaintiff desires to file something further, his Motion for an Enlargement of Time is granted.

IT IS THEREFORE ORDERED that:

1.      Defendants' Motion to Compel (filing no. 254) is denied without prejudice to reassertion after the resolution of Defendants' Motion for Summary

Judgment relating to qualified immunity.

    2.    Plaintiff's Objection to Defendants' Motion to Compel (filing no. 256) is denied as moot.

    3.    Plaintiff's Motion for an Enlargement of Time (filing no. 257) is granted. Plaintiff response deadline to respond to Defendant's Motion for Summary Judgment. is extended to December 18, 2009.

December 28, 2009.                    BY THE COURT:

                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.