IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Lori Anzaldo's ("Anzaldo") Motion for Summary Judgment. (Filing No. 267.) As set forth below, Anzaldo's Motion is granted.

## I. BACKGROUND

Plaintiff Steven R. Blair ("Blair") filed his original Complaint in this matter on August 3, 2007. (Filing No. 1.) After several lengthy extensions of time, Blair filed an Amended Complaint and the court permitted this matter to proceed to service. (Filing Nos. 15, 16 and 17.) In his Amended Complaint, Blair named 27 Defendants: the City of Omaha, Nebraska; Douglas County, Nebraska; and 25 individuals. (Filing No. 16.)

Since service of process, the court has resolved numerous motions and dismissed Blair's claims against 14 of the 27 Defendants. (Filing Nos. 110, 167, 169, and 249.) On October 26, 2009, the court issued a Memorandum and Order that addressed 24 pending Motions. (Filing No. 249.) In that Order, the court stated that all dispositive motions must be filed by December 15, 2009. (*Id*. at CM/ECF p. 16.)

On December 29, 2009, Anzaldo filed a Motion to Extend the dispositive motions deadline. (Filing No. 264.) The court granted the Motion and provided

1

Anzaldo until January 4, 2010, to file a motion for summary judgment. (Filing No 265.) On January 4, 2010, Anzaldo filed her Motion for Summary Judgment along with a Brief in Support. (Filing Nos. 267 and 268.) After another extension of time, Blair filed a Brief in Resistance to Anzaldo's Motion. (Filing No. 277.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id*. "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Anzaldo has submitted a statement of material facts in accordance with the court's Local Rules. Blair has submitted a Brief in response. This matter is therefore deemed fully submitted and the court adopts the following relevant undisputed facts.

## II. RELEVANT UNDISPUTED FACTS

1. On May 12, 1997, Anzaldo and Patty Dory ("Dory") called 911 to report that Blair assaulted Dory.

2. Anzaldo later testified against Blair at trial.

3. On August 25, 2004, Blair filed a complaint in this court (Case No. 4:04CV3229) alleging claims against Anzaldo for her 911 call and her trial testimony.

However, because of uncertainty about other issues, the court closed the case and provided that Blair could reopen it upon the completion of his criminal proceedings in state court.

4.   On August 3, 2007, Blair filed his current lawsuit in this court. Although Blair did not move to reopen Case No. 4:04CV3229, the court permitted his claims to proceed as a new case in accordance with the court's prior orders in Case No. 4:04CV3229.

(Filing No. 1; Filing No. 15; Filing No. 268; Case No. 4:04CV3229, Filing No. 57 at CM/ECF p. 3; Case No. 4:04CV3229, Filing No. 59 at CM/ECF p. 3.)

### III.  ANZALDO'S MOTION FOR SUMMARY JUDGMENT

Although a final judgment was not entered in Case No. 4:04CV3229, Anzaldo asks the court to adopt its reasoning from that case.  Under this reasoning, Anzaldo argues that she is entitled to summary judgment because no genuine issue of material fact remains with respect to Blair's claims against her.  (Filing No. 268 at CM/ECF p. 5.)  For the reasons discussed below, the court will adopt its reasoning from Case No. 4:04CV3229 and grant Anzaldo's Motion for Summary Judgment.

**A.   Standard of Review**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c).  *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994).  It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue.  *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion.  *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**B.   Analysis**

In Blair's Amended Complaint, he alleges that Anzaldo "participated in a conspiracy to try, convict and sentence [him]." (Filing No. 16 at CM/ECF p. 5.) Specifically, Blair alleges that Anzaldo falsely reported that Blair assaulted Dory. (*Id*. at CM/ECF p. 6.) The court previously addressed these same claims in Case No. 4:04CV3229. There, the court dismissed Blair's claims against Anzaldo with prejudice. (Case No. 4:04CV3229, Filing No. 57 at CM/ECF p. 7.) In doing so, the court stated:

> Stripped of the bare, conclusory allegations of conspiracy and improper motive, the only factual allegations as to Anzaldo involve speaking with police, for which she was not a state actor, and testifying in court, for which she has immunity. As with Dory, if Anzaldo testified in court as a witness, she has immunity for that function, whatever she said. To safeguard society's interest in the integrity and finality of the judicial process, it is the function of testifying which is afforded immunity, and only incidentally the person who testifies. See, e.g., Briscoe v. LaHue, 460 U.S. 325, 329-34 (1983) (witnesses are protected from suit by absolute immunity). See also Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1282 (11th Cir. 2002): "[A] witness's absolute immunity from liability for testifying forecloses any use of that testimony as evidence of the witness's membership in a conspiracy prior to his taking the stand." Accord Dornheim v. Sholes, 430 F.3d 919, 925 (8th Cir. 2005)

4

(§ 1983 did not abrogate the absolute immunity available at common law to witnesses, even for allegedly perjured testimony, because "officials are entitled to absolute immunity from civil rights suits for the performance of duties which are 'integral parts of the judicial process' as long as the judicial function was granted immunity under common law at the time § 1983 was enacted"), citing Briscoe v. LaHue, 460 U.S. at 335. For those reasons, . . . the Motion for Judgment on the Pleadings filed by defendant-Lori Anzaldo, will be granted.

(Id. at CM/ECF p. 4.)

Blair's claims against Anzaldo have not changed and the court's reasoning in Case No. 4:04CV3229 still applies. (Compare Filing No. 16 with Case No. 4;04CV3229, Filing No. 1.) Accordingly, the court adopts its reasoning from Case No. 4:04CV3229. Blair's claims against Anzaldo are dismissed with prejudice and Anzaldo's Motion for Summary Judgement is granted.

IT IS THEREFORE ORDERED that:

1.      Anzaldo's Motion for Summary Judgment (filing no. 267) is granted.

2.      Blair's Objection to Defendant Anzaldo's Motion to Extend Deadlines (filing no. 266) is denied as moot.

DATED this 3rd day of March, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.