IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RANDY ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Interlocutory Appeal (filing no. 283), Objection to Memorandum and Order (filing no. 284) and Motion for Bench Trial (filing no. 286). Defendants have filed a Brief in Opposition to Plaintiff's Motion for Bench Trial. (Filing No. 287.) The court will now explore these Motions in turn.

### I. Motion for Interlocutory Appeal

In his Motion for Interlocutory Appeal, Plaintiff seeks to appeal the court's March 3, 2010, Memorandum and Order that dismissed his claims against Patricia Osier, among others, with prejudice. (Filing Nos. 282 and 283.) However, that Memorandum and Order is not a final order, and judgment has not been entered in this matter.[1] As set forth in 28 U.S.C. § 1292(b), an interlocutory appeal is warranted if the decision sought to be appealed involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal

---

[1] Although the court has dismissed some, but not all, claims from this action, a judgment under Federal Rule of Civil Procedure 54(b) is not appropriate here. The dismissed claims and the pending claims have a common factual background and allowing one appeal to go forward while this case progresses is not in the interest of judicial economy.

could materially advance the ultimate termination of this litigation. 28 U.S.C. §1292(b).

Here, no such "controlling question of law" is implicated. The court's March 3, 2010, Memorandum and Order does not involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of this litigation. Therefore, there is no reason why the present appeal should proceed prior to entry of a final judgment in this matter. For these reasons, Plaintiff's Motion for Interlocutory Appeal is denied.

### II. Objection to Memorandum and Order

In addition to his Motion for Interlocutory Appeal, Plaintiff filed an Objection to the court's March 3, 2010, Memorandum and Order. (Filing No. 284.) The court liberally construes this Objection as a Motion for Reconsideration. The court has carefully reviewed Plaintiff's Motion and finds no good cause to reconsider any portion of its March 3, 2010, Memorandum and Order.

### III. Motion for Bench Trial

Finally, Plaintiff has also filed a Motion for Bench Trial. In his Motion Plaintiff requests a bench trial in this matter. (Filing No. 286.) However, Defendants previously requested a jury trial (filing no. 159) and are not willing to withdraw that request. (Filing No. 287 at CM/ECF p. 2.)

A party in a damages action under 42 U.S.C. § 1983 is entitled to a jury trial. See *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 709 (1999) (concluding that the Seventh Amendment jury guarantee extends to § 1983 suits). Moreover, pursuant to Federal Rule of Civil Procedure 38(d), a demand for a jury trial may not be

withdrawn without the consent of the parties.  Fed. R. Civ. P. 38(d).  In this case, Defendants have demanded a jury trial and are not willing to withdraw that demand. (Filing No. 287.)  Accordingly, Plaintiff's Motion for Bench Trial is denied and this case will be tried to a jury.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Interlocutory Appeal (filing no. 283) is denied.

2. Plaintiff's Objection to Memorandum and Order (filing no. 284), construed as a Motion for Reconsideration, is denied.

3. Plaintiff's Motion for Bench Trial (filing no. 286) is denied.  This case will be tried to a jury.

DATED this 8th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.