IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV295 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendant Jason Christensen's Motion for Protective Order (Filing No. 337). Christensen filed a brief (Filing No. 338), an index of evidence (Filing No. 339), and a supplemental index of evidence (Filing No. 349) in support of the motion. The plaintiff filed a Motion in Opposition to Defendants [sic] Motion for a Protective Order (Filing No. 350) and an index of evidence (Filing No. 351). Christensen filed a brief (Filing No. 353) in reply.

### BACKGROUND

This case arises from the plaintiff's arrest, for assault and kidnaping, on May 12, 1997, after police officers entered a residence. The plaintiff was convicted of kidnaping, use of a deadly weapon to commit a felony and terroristic threats. The plaintiff was sentenced on June 16, 1998. The plaintiff filed a federal lawsuit related to his arrest on April 3, 2001, which the court dismissed on November 16, 2001. On August 11, 2003, the Nebraska District Court set aside the plaintiff's conviction based on ineffective assistance of counsel, specifically for counsel's failure to produce witnesses at trial. On August 25, 2004, the plaintiff filed a second federal lawsuit related to his arrest, which was voluntarily dismissed pending the outcome of re-trial on the underlying charges. However, the Douglas County Attorney dismissed the charges against the plaintiff. On August 3, 2007, the plaintiff filed this, the third, federal lawsuit related to his arrest. The plaintiff alleges violations of his civil rights based on the officers' warrantless entry of the residence and the subsequent search and arrest. The court dismissed the plaintiff's claims against the City of Omaha and former Omaha Police Chiefs for failure to train officers. **See** Filing No. 282.

On December 8, 2010, Christensen filed the instant motion for a protective order seeking to "limit disclosure of the 1997 Omaha Police Department Standard Operating Procedures manual, to only the Plaintiff, the Plaintiff's counsel, the Plaintiff's counsel's staff and Plaintiff's designated expert witnesses in this case." **See** Filing No. 337 - Motion p. 1. Christensen states previous sections of the manual were provided to the plaintiff. However, the plaintiff later requested the entire manual. Christensen argues "[s]everal non-relevant sections of the manual contain official information and sensitive information, the disclosure of which to the general public would compromise police operations and threaten public safety." *Id.* at 1-2; **see also** Filing No. 339 - Kelly Aff.

The plaintiff opposes the protective order. The plaintiff argues Christensen fails to show production of the manual is unduly burdensome, confidential, or likely to cause specific harm. **See** Filing No. 350. Furthermore, in response to earlier interrogatories related to the manual, the defendants responded, "Omaha Police Department Standard Operating Procedures are a matter of public record and available to Defendant [sic] at the Omaha Public Library." **See** Filing No. 351 Ex. B - City of Omaha Response No. 4 p. 3, dated June 15, 2009; **see also** *id.* Ex. A - Skinner Response No. 2 p. 2, dated March 16, 2009 (responding "the information requested is available in the [OPD's] Standard Operating Procedures (SOP) Manual available at the Omaha Public Library and via the Internet").

Counsel for Christensen admits "anecdotally," at least, that a version or parts of a version of the manual may have been placed in a public library during the 1990s and removed in the late 1990s or early 2000s. **See** Filing No. 349 - Thelen Aff ¶ 5. Counsel represented he conducted extensive research into the matter and spoke to many police officials, including the present police chief and three past police chiefs. *Id.* ¶ 3. This research did not uncover any documentation relating to the public availability of the manual. *Id.* ¶ 4. Accordingly, counsel cannot state whether the April 2007 version of the manual, or any later, but substantially similar, redacted versions of the manual were publically available at any time. *Id.* ¶ 6.

2

**ANALYSIS**

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A party may move for an order protecting disclosure or discovery, which is granted only upon a showing of good cause. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)); *Miscellaneous Docket Matter*, 197 F.3d at 926. Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted. **See** *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing** *United States v. Kordel*, 397 U.S. 1, 4-5 (1970)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003). The

balance of relative hardships includes an assessment of any substantial detriment to a party caused by the inclusion or failure to include the protection at issue. See *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984).

Christensen meets his burden of showing good cause exists for entry of a protective order. Although discovery responses served by the defendants indicate the manual may be located in a public library or on the Internet and Christensen does not deny the manual may have been publically found at one time, the manual is not now publically available. Any formerly publicly available copy likely had certain sensitive portions of the manual redacted. Christensen shows the confidentiality of the manual is now preserved and disclosure of several sections of the manual would likely compromise police operations and endanger public safety.

Additionally, the plaintiff fails to show any prejudice from granting the protective order. Christensen shows the plaintiff has had a copy of the relevant portions of the manual since August 17, 2010. In November, Christensen provided another copy of certain portions of the manual and offered to provide a complete copy on CD if the plaintiff agreed to a protective order. Accordingly, the court finds that to the extent the plaintiff obtains a copy of the previously un-produced manual in its entirely, the manual is subject to the protective order entered on this date. Upon consideration,

**IT IS ORDERED:**

1. Jason Christensen's Motion for Protective Order (Filing No. 337) is granted.
2. The plaintiff's Motion in Opposition to Defendants [sic] Motion for a Protective Order (Filing No. 350) is denied.

DATED this 18th day of January, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.