## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV295 |
| | ) | |
| vs. | ) | PROTECTIVE ORDER |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

In accordance with the order entered today granting the defendant Jason Christensen's Motion for Protective Order (Filing No. 337),

**IT IS ORDERED:**

1. The defendants shall produce a copy of the April 1997 version of the Omaha Police Department Standard Operating Procedures (collectively referred to as "Confidential Documents").

2. The defendants, prior to producing the Confidential Documents, may redact or obliterate from the same any references to investigative techniques or intelligence information which would disclose investigative technique.

3. The Confidential Documents shall be marked "CONFIDENTIAL MATERIAL." The Confidential Documents, designated as confidential material, will be maintained by the plaintiff's attorney separate from, and not commingled with, any other document.

4. The Confidential Documents may be used for the instant litigation only. No document nor any extract or summary thereof may be revealed to any person or entity except the plaintiff's counsel in this case and the Court, except as hereinafter provided, until further order of the Court.

5. The Confidential Documents may be used and examined only by Timothy L. Ashford and those secretaries or paralegals employed by him on a regular basis, the plaintiff's declared expert witnesses in this case, and the plaintiff. Except for counsel, each person receiving any Confidential Documents or information therefrom shall receive written

instruction that the information is confidential material subject to the terms of this Order, and a copy of this order.

6.      Information obtained from Confidential Documents may be used to examine or cross-examine a deposition or trial witness, but shall not be used in such a fashion as to be disclosed to anyone beyond the litigants and their attorneys.  If, at the time of trial, the plaintiff wishes to introduce any Confidential Documents or any portion thereof as an exhibit, e.g., for purposes of impeachment, its introduction and the terms under which its confidentiality shall be protected, shall then be determined by the Court.

7.      The production of any Confidential Document subject to this order shall not be deemed a waiver of any objection to the admissibility of such document or its contents, nor be deemed a waiver of any objections to discovery requests served by the plaintiff after the date this order is entered.

8.      At the conclusion of this case, all Confidential Documents received pursuant to this Order shall be returned to the defendants' counsel, unless otherwise ordered by the Court.  This Order shall not terminate upon the conclusion of this action, but shall continue until the further order of the Court, or until the defendants have waived confidentiality in writing.

9.      The Court may impose sanctions with respect to any party or any party's attorney or any other individual who improperly grants access to any Confidential Documents.  Any person or entity, whether or not a party, violating this order may be punished for contempt of court.

DATED this 18th day of January, 2011.

BY THE COURT:


s/Thomas D. Thalken
United States Magistrate Judge

2