IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV295 |
| | ) | |
| v. | ) | |
| | ) | |
| RANDY ANDERSON, KEVIN HOUSH, | ) | MEMORANDUM AND ORDER |
| DONALD TRUCKENBROD, MICHAEL | ) | |
| SCOTT, and JASON CHRISTENSEN, | ) | |
| police officers, all sued in their | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion in limine, Filing No. 360, and on defendants' motions in limine, Filing Nos. 354 and 371. The court conducted an in-court hearing on March 2, 2011. Plaintiff files this action pursuant to 42 U.S.C. § 1983, alleging unlawful arrest, search, and seizure in violation of his Fourth Amendment Rights. Plaintiff filed an amended complaint, alleging that several officers approached his residence and asked plaintiff to identify himself. Plaintiff gave the officers his name. The officers asked plaintiff if he knew a Patty Dory, and he answered in the affirmative. They then asked plaintiff to step outside the residence. Plaintiff complied, and latched the front door screen as he exited. Plaintiff was handcuffed and placed in the cruiser. Plaintiff contends there was no reasonable suspicion or probable cause to arrest him. Two officers thereafter entered his residence, searched the house and questioned the other occupants. The officers discovered a 12-gauge shotgun. Plaintiff was later charged in and found guilty in Nebraska State Court for kidnapping, terroristic threats and use of a deadly weapon in relationship to Patty Dory. Plaintiff argues that no warrant existed for the search, and the

officers did not receive consent to search the residence. Further, plaintiff contends he was held for seven hours before being charged and this violated the Nebraska Jail Standards. Plaintiff argues that Officer Randy Anderson conspired with Patty Dory and Lori Anzaldo to make a 911 call to justify the search and seizure and that he was falsely charged and that others falsely testified against him. Filing No. 16.[1]

## STANDARD OF REVIEW

### A. Fourth Amendment

The test as to whether an actor has violated the Fourth Amendment rights of the defendant is one of objective reasonableness. *Graham v. Connor*, 490 U.S. 386, 399 (1989). There is no subjective intent involved. *Scott v. United States*, 436 U.S. 128, 137-39 (1978); *King v. Davis*, 980 F.2d 1236, 1237 n.3 (8th Cir. 1992); *Hudson v. New York City*, 271 F.3d 62, 68-69 (2d Cir. 2001).

### B. *Daubert*

A witness may qualify to render an expert opinion in one of five ways: knowledge, skill, experience, training or education. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); Fed. R. Evid. 702. This court serves as a gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *see also In re Prempro Products Liability Litigation*, 586 F.3d 547, 565 (8th Cir. 2009) (allowing expert testimony on causation; court instructed that expert testimony on damages had to relate to the regulatory

---

[1] This amended complaint was filed on September 5, 2008. The magistrate judge entered the pretrial order on February 10, 2011. During the March 2, 2011, hearing, plaintiff asked to amend his complaint. Trial is two weeks away. The court finds this case is ready to be tried. Based on the argument of counsel, the court finds no reason to allow another amendment to the complaint. Plaintiff has shown no good cause for amending the complaint.

2

guidelines under the Food and Drug Administration ); *Polski v. Quigley Corp.*, 538 F.3d 836, 841 (8th Cir. 2008) (excluding expert testimony as not sufficiently reliable).

## DISCUSSION

### A. Cause of Action Before the Court

First, the plaintiff seems to now be arguing a separate cause of action for lying by the police officers. The court in its order of March 3, 2010, stated:

> In sum, the City Defendants' Motion for Summary Judgment is granted in part and denied in part. Blair's only remaining claims are his Fourth Amendment Claims against Housh, Truckenbrod, Scott and Christensen. The court will enter a separate progression order progressing this matter to trial.

Memorandum and Order, Filing No. 282 at 22. The parties have conducted their pretrial conference with the magistrate judge, and have agreed to the controverted and uncontroverted facts. See Filing No. 376. The only issue before this court involves the Fourth Amendment violation. There is no separate cause of action relating to the alleged lies told by the Omaha police officers.

### B. Filing Nos. 354, 360, and 371

Plaintiff wishes to call two experts at trial, Reginald Gunter, a retired Omaha police officer who would testify about constitutional issues and police procedure and policy, and Jerome Sherman, who would testify as to economic damages incurred as a result of the alleged violations. Defendants propose to call Donald Ficenec to rebut testimony by Reginald Gunter, if the court allows Gunter to testify.

*1. Gunter Testimony*

Defendants move this court to prohibit the expert opinions of Reginal P. Gunter with respect to conclusions of law as to the alleged arrest, search and seizure in violation of

3

plaintiff's Fourth Amendment rights. The defendants also ask this court to prohibit testimony from Mr. Gunter as to whether they violated any internal Omaha Police Department policies.

The Eighth Circuit has held that the court should not allow an expert to testify as to legal conclusions, and in particular, should not allow an expert to testify as to the reasonableness of officer conduct under the Fourth Amendment. *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995). In this case Mr. Gunter intends to testify as to reasonableness under the Fourth Amendment. The court finds such opinion is a conclusion of law and would invade the province of the court and of the trier of fact in this case. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) (opinion on reasonableness of arrest/search not fact based and would not assist trier of fact, and also was a legal conclusion). Such testimony would not be helpful to the jurors in coming to a determination in this case. Accordingly, the court will not allow Mr. Gunter to testify on this issue.

Further, the court has reviewed the resume of Mr. Gunter. Mr. Gunter was a uniformed patrol officer for a number of years. He has no additional qualifications that make him an expert on constitutional rights. He does not have a degree, has not taught, has not written scholarly publications, and has never testified as an expert. The court finds nothing in his resume or background that would permit or qualify him to testify as an expert on constitutional questions in this issue.

Defendants also ask this court to prohibit the part of Mr. Gunter's testimony that would relate to the Omaha Police Department's standard operating procedures. The issue is whether violation of policies or procedures equates to a constitutional violation or

whether such a breach is immaterial. Violations of internal policies are irrelevant to whether a constitutional violation occurred. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (evidence of police internal policy excluded because "violation of police regulations . . . is completely immaterial as to the question of whether a violation of the federal constitution has been established."); *Tanberg v. Sholtis*, 401 F.3d 1151, 1163-64 (10th Cir. 2005) (standard operating policies excluded in case about claims of Fourth Amendment violations and false arrest as irrelevant and likely to cause jury confusion); *Bonds v. Dautovic*, 725 F. Supp.2d 841, 847 (S. D. Iowa 2010) (Honorable Robert W. Pratt) (same). Consequently, on this basis as well as the lack of credentials discussed above, the court will not allow Mr. Gunter to testify on this issue.

*2. Sherman Testimony*

Defendants ask this court to prohibit the testimony of Dr. Jerome F. Sherman regarding plaintiff's alleged loss of earnings from 1997 to the present and plaintiff's potential loss of earning capacity in the future. Defendants argue that this is not proper opinion evidence under Fed. R. Evid. 702 and under *Daubert*.

The Supreme Court has clearly stated the basis for damages for incarceration. See *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) ("damages for that claim cover the time of detention up until issuance of process or arraignment, but not more"); *Townes v. City of New York*, 176 F.3d 138, 147-48 (1999) ("victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution"); *see also Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000) (same). Under *Wallace* the plaintiff's damages are limited to the time of arrest and, in this case, until arraignment. To the extent that plaintiff is attempting to establish damages outside that window, the court

5

will not permit such evidence.  Mr. Sherman cannot testify as to subsequent conviction or incarceration damages.

   *3.  Ficenec Testimony*

Plaintiff asks the court to grant its motion in limine to exclude the testimony of defendants' expert, Donald F. Ficenec, under Federal R. of Evid. 702 and under *Daubert*. Defendants agreed during oral argument that they are only going to call Mr. Ficenec to the stand to testify if this court allows Mr. Gunter to testify.  Because the court will not permit Mr. Gunter to testify, it will likewise not permit Mr. Ficenec to testify.  Accordingly, this motion is denied as moot.

   *4.  Exclusion of Evidence*

   (a)   Defendants first ask the court to exclude information regarding 2001 misdemeanor child neglect charges against Officer Randy Szemplenski (Anderson), and also, the later firing and reinstatement of him by the Omaha Police Department.  The court finds this issue is irrelevant and inadmissable.  It is not a conviction, and the charges were only misdemeanors.  Thus, it does not meet the requirements of other crimes or wrongs set forth in Fed. R. Evid. 404(b) or any other Federal Rule of Evidence.

   (b)  Defendants ask this court to exclude evidence regarding information about Kevin Housh's 2005 dispute with City officials regarding his work on a union newspaper, his firing, and his rehiring by the City of Omaha.  Again, the court finds that Mr. Housh's dispute back in 2005 has no relevance here and fails to meet the requirements of Fed. R. Evid. 404(b) or any other Federal Rule of Evidence.

   (c)  Defendants ask this court to exclude evidence regarding plaintiff's complaints of jail conditions in the detention facility.  The court notes that it dismissed the claims

against all officers associated with the Omaha police detention facility. However, the court will permit a very limited amount of evidence on the issue of plaintiff's detention from his arrest to arraignment as to the jail conditions. This evidence might relate to the issue of damages. If during trial, however, defendants believe plaintiff is exceeding the scope of this order or that it is irrelevant based on the development of the evidence, defendants may move the court to further limit this testimony.

The court, however, will not permit plaintiff to introduce policies and procedures and how they were violated. The court will not have a trial within a trial. Plaintiff can testify to the conditions as they existed for him for that period of time. If, however, following plaintiff's direct examination, the City thereafter makes the "jail standards" an issue, the court would then entertain allowing plaintiff to impeach with the introduction of policies and procedures related to that issue.

(d) Defendants ask this court to exclude evidence regarding photographs, observations and items seized during the search of the house pursuant to a warrant executed by Officer Jeffrey Morgan. The court has reviewed this request and finds it should be granted in part and denied in part. First, with regard to the photographs taken immediately after the arrest, the court finds they might be relevant as to the actions of the officer in this case. However, anything having to do with the second search is not relevant and is excluded from trial.

(e) Defendants ask this court to exclude evidence regarding Patty Dory's pursuit of and receipt of health care for a possible "attempted suicide" in 2000. Patty Dory was allegedly the witness who initially complained against Steven Blair. Plaintiff apparently wants to adduce evidence regarding her mental health at the time in question, at the

current time, and to question her about a possible suicide attempt in 2000. The court has again reviewed the record and found no objective, admissible evidence that Ms. Dory was suicidal at the time of the incident. There is a hospital report that references a "questionable suicide attempt" but it is not supported by any medical evidence. Additionally, it appears that this alleged suicide attempt occurred well after the incident in question in this lawsuit. Accordingly, the court will not permit such questioning. The court is unclear why this is relevant in any event. Even if Ms. Dory had mental issues and lied, that in and of itself is not relevant to the issue of Fourth Amendment constitutional violations. Accordingly, absent any compelling evidence, or substantiated and relevant testimony in the state trial, the court will grant this motion. If the plaintiff has reason to believe that Ms. Dory is not competent to testify at this trial, the plaintiff shall so inform the court and the court will make further determinations in that regard.

(f) Defendants ask this court to exclude evidence regarding the filing of charges against the plaintiff that arose out of this arrest, including the arrest, trial, conviction, sentence, incarceration, new trial and dismissal of the charges. Plaintiff intends to produce evidence of the entire process from the filing of charges through incarceration and dismissal of the charges against him. However, this court has already ruled that damages stop at the time of arraignment. Accordingly, the court finds this evidence is not relevant and not admissible at trial.

(g) Defendants ask this court to exclude evidence regarding the Omaha Police Department's internal policies and/or Standard Operating Procedures Manual, and violations of the same. The court has likewise already addressed this issue and found

these policies are immaterial and irrelevant, unless raised by the City as a defense. Accordingly, the motion in limine will be granted and denied as set forth herein.

THEREFORE, IT IS ORDERED:

1. Defendants' motion in limine, Filing No. 354, is granted as set forth herein.

2. Plaintiff's motion in limine, Filing No. 360, is denied as moot as set forth herein.

3. Defendants' motion in limine, Filing No. 371, is granted in part and denied in part as set forth herein.

DATED this 4th day of March, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.